Honorable Richard A. Jones

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Dallas Buyers Club, LLC,<br><br>   Plaintiff<br><br>  v.<br><br>DOES 1-10,<br><br>   Defendants. | Case No. 2:14-cv-01336-RAJ<br><br>OPPOSITION TO MOTION FOR LEAVE TO ISSUE SUBPOENAS |

**OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO ISSUE FRCP 45 SUBPOENAS TO NON-PARTIES**

COMES NOW, Defendant John Doe having I.P. Address **76.104.135.78** (herein referred to as "Doe 7"), by and through counsel, and opposes Plaintiff Dallas Buyers Club, LLC's ("DBC") *Ex Parte* Motion For Leave To Issue FRCP 45 Subpoenas.

**DBC'S MOTION IS MERELY AN ATTEMPT TO FURTHER HARASS INNOCENT INDIVIDUALS WITH IMPUNITY**

This action was commenced by Complaint filed on August 28, 2014. It has been roughly 166 days since the action was commenced. On September 2,

---

Opposition to Motion for Leave to Issue Subpoenas
Case No. 14-cv-1336

Page 1

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(p) (206) 436-8500

2014, DBC sought leave to serve limited third-party discovery ostensibly for the purpose of identifying the defendants. That request was granted on September 4, 2014, more than five months ago. DBC now admits it has all the information it requested, yet it still has not named and served even one single defendant.

As the Court is aware, Fed. R. Civ. P. 4(m) establishes that a plaintiff has 120 days within which to serve a defendant once a complaint has been filed. It has now been 166 days and DBC has all the information that it needs to serve the defendants. But instead of doing so, DBC instead seeks to take discovery of those individuals it refuses to name while denying those individuals the right to take discovery of DBC.

That is not to say DBC has been unwilling to actually serve individuals who deny liability based solely on their IP address. Indeed DBC did exactly that in a sister case to the present one when it filed an Amended Complaint on November 24, 2014 in *Dallas Buyers Club, LLC v. Does 1-10*, Case No. 14-cv-01153, which is also before this Court, naming several individuals.

DBC was willing to simply amend and name subscribers in November of 2014, but is unwilling to do so now. So the question becomes what changed between November and now?  The answer is Judge Rice's opinion in a related

Opposition to Motion for Leave to Issue Subpoenas
Case No. 14-cv-1336

Page 2

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(p) (206) 436-8500

case in Eastern Washington on January 9, 2015 in the case of *Elf-Man, LLC v. Lamberson*, Case No. 2:13-CV-0395. In that case, Judge Rice awarded just over $100,000 in attorneys' fees against the plaintiff for advancing a nearly identical claim against an innocent party.

One could argue that the *Elf-Man* case involved a different plaintiff than the instant case. However, that argument is **specifically** why bi-lateral discovery in the instant case is so necessary. To elaborate, the named plaintiff's in *Elf-Man* and the instant case may be different. However, nearly everything else about not only these two cases, but also a host of other cases around the country, raises serious concerns regarding who is the real-party-in-interest. For example, the *Elf-Man* case and the instant case were purportedly brought by two independent parties, yet the purported independent entities both relied on substantively-identical declarations of someone named Daniel Macek. (Compare Dkt 7 in the instant action with Dkt 88 of the *Elf-Man* case, attached). Although that fact alone may only raise eyebrows, others have encountered nothing except obstacles when attempting to depose the mysterious Mr. Macek.  See *Dallas Buyers Club, LLC v. iiNet Limited*, Case No. NSD 1051 of 2014 (Federal Court Of Australia)(Australian Federal Court ordered plaintiff to produce David Macek for deposition in

Opposition to Motion for Leave to Issue Subpoenas
Case No. 14-cv-1336

Page 3

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(p) (206) 436-8500

Australia after plaintiff refused to allow deposition of Mr. Macek)(copy attached).

## CONCLUSION

The instant motion is yet another example of DBC seeking to misuse the power of the Court while avoiding any liability itself for its misdeeds. In short, DBC seeks to further harass innocent individuals while hiding behind the judge's robe. Doe 7 asks that the Court deny DBC's motion, and that DBC be ordered to either name the individuals against which it intends to pursue this matter immediately, or dismiss the action as to those individuals pursuant to Fed. R. Civ. P. 4(m).

Dated: February 10, 2015        Respectfully submitted,

_____
John Whitaker
WHITAKER LAW GROUP
1218 Third Avenue, Suite 1809
Seattle, WA 98101
p: (206) 436-8500
f: (206) 694-2203
e: *john@wlawgrp.com*

Attorney for Doe 7

Opposition to Motion for Leave to Issue Subpoenas
Case No. 14-cv-1336

Page 4

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(p) (206) 436-8500

**CERTIFICATE OF SERVICE**

The undersigned attests that the foregoing document has been served on all parties of record in the manner and on the date indicated below:

| | |
|---|---|
| David A. Lowe<br>Lowe Graham Jones PLLC<br>701 Fifth Avenue, Suite 4800<br>Seattle, Washington 98104 | ☐ U.S. Mail<br>☐ Hand Delivery<br>☐ Overnight Mail<br>☒ CM/ECF Notification<br>☐ Email (with approval) |

DATED: February 10, 2015         /s/ *John Whitaker*
                                   John Whitaker

Opposition to Motion for Leave to Issue Subpoenas
Case No. 14-cv-1336

Page 5

WHITAKER LAW GROUP
1218 Third Ave, Suite 1809
Seattle, WA 98101
(p) (206) 436-8500