HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLAS BUYERS CLUB, LLC,

    Plaintiff,

v.

JOHN DOES 1 THROUGH 10,

    Defendants.

CASE NO. C14-1336RAJ

ORDER

This matter comes before the court on the Plaintiff's motion for leave to issue subpoenas four unnamed persons. The clerk shall TERMINATE the motion (Dkt. # 25) because it is unnecessary.

Plaintiff has yet to identify any Defendant in this case. It has instead named ten "John Doe" Defendants, who are unknown persons who allegedly used certain IP addresses to infringe Plaintiff's copyright in the motion picture *Dallas Buyers Club* by copying or distributing the film using peer-to-peer file sharing networks. Plaintiff has subpoenaed Comcast, the internet service provider who hosts the IP addresses in question, to obtain the name and contact information of the subscriber associated with each IP address. It has now obtained those names, and has apparently attempted to communicate with each subscriber in a further effort to learn who the alleged infringer is.

Four of those subscribers have refused to communicate with Plaintiff, as is their right. Plaintiff thus seeks leave to subpoena them. The court has no idea what manner of subpoena Plaintiff intends to serve, because Plaintiff has not revealed any proposed

ORDER – 1

subpoena to the court.  The court also has no idea why Plaintiff is seeking the court's leave to issue subpoenas.  Federal Rule of Civil Procedure 45(a)(3) permits any attorney "authorized to practice in the issuing court" to issue subpoenas.  Plaintiff is represented by an attorney authorized to practice in this court.  Plaintiff does not need the court's permission to issue subpoenas.  Straining to give Plaintiff the benefit of the doubt, the court speculates that perhaps Plaintiff believes that because there has been no Rule 26(f) conference in this case (which is unsurprising, since Plaintiff has yet to identify any Defendant), it is required to seek the court's leave before engaging in any discovery.  The court is aware of no authority that ties an attorney's authority to issue a subpoena to the formal commencement of discovery.  Certainly Plaintiff has not cited any.

One of the unnamed subscribers filed an opposition to Plaintiff's motion, raising a host of concerns about the conduct of one or more plaintiffs similarly situated to the Plaintiff in this case, as well as a witness Plaintiff has used in obtaining the IP addresses in question.  The court suggests no opinion about those concerns; it merely concludes that if the unnamed subscriber wishes to object to Plaintiff's subpoena, it must wait to actually be served with a subpoena.

DATED this 13th day of February, 2015.

_____
The Honorable Richard A. Jones
United States District Court Judge

ORDER – 2